IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ALAN LEVINE

    PLAINTIFF                               08 Civ 2980 (SAS)(THK)
    vs                                      COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK CITY
POLICE OFFICER "SALLY"
CHARNEER [?] NEW YORK CITY
POLICE OFFICER "JOE"
CASTILLO, in their individual
and official capacities,

    DEFENDANTS
_____

## I.  INTRODUCTION

    1.  This litigation arises out of the stop and detention of the Plaintiff on January 1, 2008 and the issuance of a Summons to the Plaintiff on January 1, 2008 and the preferral of a misdemeanor charge against the Plaintiff therein and the eventual dismissal of the charge and the Criminal Court proceedings on March 13, 2008.

    2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

    3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

    4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5. The facts which give rise to the State law claims, have a common nucleus with the facts which give rise the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, *et seq.*, this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

### III. THE PARTIES

8. The Plaintiff is a resident of the State of New York, the City of New York, and the County of New York.

9. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized, among other powers, to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants "Sally" "Charneer" and "Joe" Castillo are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

IV. ALLEGATIONS

11.  The Plaintiff is Alan Levine.

12.  The Plaintiff is sixty nine [69] years of age.

13.  The Plaintiff's birth date is June 4, 1938.

14.  The Plaintiff is a resident of the City of New York, the State of New York, and the County of New York.

15.  The Plaintiff resides at 207 West 106th Street, New York, New York 10025.

16.  The Plaintiff resides at the afore-described address with his wife and two minor children.

17.  The Plaintiff is a longstanding practicing attorney.

18.  The Plaintiff maintains a solo practice. The focus of the Plaintiff's practice has been and continues to be civil and human rights trial and appellate litigation.

19.  The event which gives rise to this Notice of Claim commenced on January 1, 2008 at or about 5:30 P.M. in the vicinity of West 20th Street and 8th Avenue.

20.  The Plaintiff was driving his vehicle.

21.  The Plaintiff's wife was in the vehicle in the front passenger seat.

22.  The Plaintiff was driving west on 19th Street.

23.  The Plaintiff made a right hand turn from the left hand lane on West 19th Street into the left hand lane of 8th Avenue in order to go north on 8th Avenue.

24.  Before making the turn from the left hand lane of West 19th Street, the Plaintiff looked to ascertain whether there was any vehicle in the right hand lane going west on west 19th Street.

25.  There was no such vehicle.

26. The Plaintiff was stopped once his vehicle was on 8th Avenue.

27. The driver of the police vehicle, a female officer whose name is believed to be Police Officer "Charneer", exited the vehicle and approached the driver side of the Plaintiff's vehicle and informed the Plaintiff that the Plaintiff had turned from the wrong lane.

28. The female Officer asked the Plaintiff for his license, registration, and insurance card.

29. The Plaintiff complied with the direction to provide the afore-described documents.

30. In the mean time, Police Officer Castillo, who was also in the police vehicle, exited the police vehicle and walked over to the Plaintiff's vehicle and stood next to the passenger side of the Plaintiff's vehicle.

31. The Plaintiff's wife, who was sitting in the front passenger seat, started to exit the vehicle so that she could go to the bathroom.

32. Officer Castillo directed the Plaintiff's wife to remain in the vehicle.

33. The Plaintiff's wife informed Officer Castillo that she had to go to the bathroom to which he replied that it did not matter and that she could not leave.

34. The Plaintiff asked Officer Castillo if his wife was under arrest to which Officer Castillo responded no.

35. The Plaintiff then informed his wife that she should just get out of the vehicle and the Plaintiff's wife did so.

36. Although Officer Castillo did not make any further effort to preclude and to stop the Plaintiff's wife from getting out of the vehicle, he did appear to the Plaintiff to be angered by the Plaintiff's advice to his wife.

37. The female Officer returned to the vehicle with the Plaintiff's documents and she informed the Plaintiff that she was going to permit the Plaintiff to leave but that, in the future, the Plaintiff should be more careful.

38.  At that point, Officer Castillo advised the female Officer to "Run him".

40.  The two Officers returned to the police vehicle.

41.  The Plaintiff's wife returned to the Plaintiff's vehicle.

42.  After about fifteen minutes, the Plaintiff told his wife that, because their children were at home, she should just go home.

43.  The Plaintiff exited his vehicle to hail a taxi for his wife.

44.  As the Plaintiff was exiting his vehicle to hail a taxi for his wife, Officer Castillo directed the Plaintiff, over the police vehicle's speaker, to get back into the Plaintiff's vehicle.

45.  The Plaintiff responded that he was simply hailing a taxi for his wife.

46.  Officer Castillo directed the Plaintiff, again, to get back into the Plaintiff's vehicle and Plaintiff complied.

47.  Several minutes later, the female officer, who was initially going to let the Plaintiff go, returned to the Plaintiff's vehicle and handed the Plaintiff a Summons for "reckless driving".

48.  Reckless driving is a misdemeanor offense.

49.  Pursuant to the issued Summons, the Plaintiff was required to appear in Court on March 13, 2008.

50.  The Plaintiff appeared on the designated date.

51.  The Plaintiff was represented by counsel.

52.  At the Court appearance, the Court dismissed the Summons and the Criminal Court proceedings associated therewith.

53. There was no probable cause for the stop and detention of the Plaintiff and for the issuance of the Summons to the Plaintiff and for the misdemeanor charge which was preferred against the Plaintiff.

54. As described herein: [a] the Plaintiff had been pulled over and detained by Police Officer Castillo and his partner; [b] the Plaintiff's wife informed the Plaintiff that she need to go to the bathroom; [c] the Plaintiff's wife started to exit the vehicle; when the Plaintiff's wife began to exist the vehicle, Police Officer Castillo directed her to stay where she was; [d] the Plaintiff's wife indicated to Police Officer Castillo that she need to go to the bathroom; [e] Police Officer Castillo stated that it did not matter; [f] the Plaintiff asked Police Officer Castillo if his wife was under arrest; [g] Police Officer Castillo stated no; [h] the Plaintiff informed his wife that she should get out of the vehicle; [i] Police Officer Castillo became angry; [j] Police Officer Castillo's partner, a female officer, came back to the vehicle and informed the Plaintiff, after having previously checked the Plaintiff's vehicle documents which she had received from the Plaintiff when the Plaintiff was first stopped and detained, that she was letting the Plaintiff go and he should be more careful in the future; [k] Police Officer Castillo said to his partner, "Run him"; [l] and, thereafter, the Plaintiff was issued the Summons.

55. The Summons which was issued to the Plaintiff and the charge was preferred against the Plaintiff for a collateral purpose of punishing and retaliating against the Plaintiff because the Plaintiff gave advice to his wife that, because Police Officer Castillo had informed him that his wife was not under arrest, she should get out of the vehicle to go to the bathroom.

56. The Summons was issued to retaliate against and punish the Plaintiff in the exercise of his First Amendment right to give his wife advice as he did.

57. Although the actions and conduct of the Defendant party Officers were unlawful, they were taken in the course of their duties and functions as employees and agents of the City of New York and they were incidental to the otherwise lawful performance of their duties and functions.

6

58. The Defendant Officers are "state actors" who were, for the constitutional claims asserted herein and otherwise, acting "under the color of state law".

59. The actions and conduct herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60. The actions and conduct violated the Plaintiff's rights under the laws and Constitution of the State of New York.

61. The Plaintiff suffered injuries and damages including loss of liberty, anxiety, mental distress, emotional anguish, and psychological trauma.

62. The Plaintiff has not yet placed a monetary amount for the compensatory and punitive damages which he is seeking for the violation of his rights.

63. The Plaintiff has no other viable remedy at law but for the institution of this litigation in order to secure full and complete redress, vindication, and justice.

V.   CAUSES OF ACTION

A.   FIRST CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The Plaintiff was stopped and detained and falsely arrested in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The Plaintiff suffered injuries and damages.

B.   SECOND CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The Plaintiff was stopped and detained and falsely arrested in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

69. The Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

70. The Plaintiff reiterates Paragraph #'s 1 through 69 and incorporates such by reference herein.

71. The Plaintiff was subjected malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

72. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

73. The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74. The Plaintiff was subjected to malicious prosecution in violation of the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York.

75. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

76. The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77. The Plaintiff was subjected to malicious abuse of criminal process in violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

78. The Plaintiff suffered injuries and damages.

### F. SIXTH CAUSE OF ACTION

79. The Plaintiff reiterates Paragraph #'s 1 through 78 and incorporates such by reference herein.

80. The Plaintiff was subjected to malicious abuse of criminal process in violation of the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York.

81. The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. The Plaintiff was retaliated against because of the exercise of his First Amendment guaranteed rights of speech and expression as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

84. The Plaintiff suffered injuries and damages.

### EIGHTH CAUSE OF ACTION

85. The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86. The Plaintiff was retaliated against because of the exercise of his right to speech and expression as guaranteed under the laws and Constitution of the State of New York.

87. The Plaintiff suffered injuries and damages.

### NINTH CAUSE OF ACTION

88. The Plaintiff reiterates Paragraph # s 1 through 87 and incorporates such by reference herein.

89. Pursuant to pendent party and pendent claim jurisdiction, the Defendant City is responsible for the conduct and actions of its employees and agents which were taken in the course of their duties and functions for the Defendant City of New York and which were incidental to the performance of their otherwise lawful performance of said duties and function s.

90. The Plaintiff suffered injuries and damages.

## TENTH CAUSE OF ACTION

91. The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92. If the City elects to represent its employee and agent Police Officers, it uniformly and as a matter of policy and practice and custom indemnifies its Officers for any award of both punitive damages and compensatory damages.

93. The named individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

94. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken incidental to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

95. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of <u>respondeat superior</u>.

96. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       March 20, 2008

            Respectfully submitted,

            /s/ James I. Meyerson_____
            JAMES I. MEYERSON [JM 4304]
            64 Fulton Street @ Suite # 502
            New York, New York 10013
            [212] 226-3310
            [212] 513-1006/FAX
            ATTORNEY FOR PLAINTIFF
            BY:_____