


RECEIVED
CHAMBERS OF
APR 11 2008
JUDGE SCHEINDLIN

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
*Facsimile: (212) 788-9776*
*sscharfs@law.nyc.gov*

April 10, 2008

**BY HAND**
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  Levine v. City of New York, et al., 08 CV 2980 (SAS)

Dear Judge Scheindlin:

       I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendant respectfully requests that the time to respond to the complaint be extended by sixty days from the current due date of April 14, 2008, to June 16, 2008. Plaintiff's counsel has consented to this request.

       Defendant requests this enlargement of time because, in keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Plaintiff alleges in this action, inter alia, that he was falsely arrested and maliciously prosecuted as a result of an incident that took place on or about January 1, 2008, and that the charge was dismissed. Accordingly, it is our understanding that the records of the underlying criminal matter, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution consents and authorizations for the release of sealed records so that defendant can access the information, determine whether any employees of the City of New York were involved in the underlying incident, properly assess the case, and respond to the complaint.

       In addition, plaintiff has named individual defendants in this action who are employed by the City of New York. This extension will give plaintiff time in which to serve these defendants if he has not already done so. If plaintiff has served the individual defendants, without appearing or making any representations on their behalf, we respectfully request that

*[Handwritten annotation:]* Request Granted. Defendants' time to respond is extended to and including June 16, 2008. No further adjournments. This will not extend affect the schedule of the initial conference.

*[Handwritten date:]* 4/11/08

they be granted the same extension of time in which to respond to the allegations of the complaint in order to ensure that their defenses are not jeopardized while representational issues are being addressed. Moreover, once the individual defendants have been served, pursuant to Section 50-k of the New York General Municipal Law, the Corporation Counsel's office must determine, based on a review of the facts of the case, whether we may represent them. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time to respond to the complaint has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to June 16, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc:   James I. Meyerson, Esq.
      Attorney at Law
      64 Fulton Street, Suite 502
      New York, NY  10038
      (by hand)

2